IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INC21.COM CORPORATION, *et al.*,<br><br>Defendants.<br>_____ / | No. C 09-03119 WHA<br><br>No. C 10-00022 WHA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND VACATING HEARING** |

**INTRODUCTION**

Defendants Inc21.com Corporation, Inc21.net, Inc21 Communications, Global YP, NetOpus, Metro YP, JumPage Solutions, GoFaxer.com and FaxFaster.com, Jumpage Solutions, Inc., GST U.S.A., Inc., Roy Yu Lin, and John Yu Lin move to compel production of all drafts of Postal Inspector Andrew Wong's affidavit. Plaintiff Federal Trade Commission refused to produce these documents, arguing that it does not possess and never has possessed them. Plaintiff United States of America also refused to produce these documents, arguing that they are protected by the attorney work-product doctrine. For the reasons stated below, defendants' motion to compel is **DENIED**.

**STATEMENT**

Currently, there are two separate, but related cases, filed against defendants. Both cases pertain to defendants' alleged fraudulent telemarketing scheme. On July 10, 2009, the United States filed a civil forfeiture case against defendants, and on January 5, 2010, the FTC

1   filed a complaint alleging violations of the Federal Trade Commission Act and the Telemarketing
2   Fraud and Abuse Prevention Act against defendants.

On June 8 and 11, 2009, the United States sought and obtained search and seizure warrants to seize the proceeds of defendants' alleged fraudulent telemarketing scheme. United States Postal Inspector Andrew Wong was the affiant for the warrants.

Pursuant to the order of January 14, 2010, the United States produced all of the documents relied upon by Postal Inspector Wong in preparation of his affidavit submitted in support of the warrants. On January 27, defendants' counsel deposed Postal Inspector Wong, and he testified that he exchanged approximately ten drafts of the affidavit with the prosecutor assigned to the criminal investigation of defendants.

On January 28, February 1, and February 12, defendants' counsel sent a letter to the United States' counsel requesting the drafts of Postal Inspector Wong's affidavit. Defendants' counsel did not serve the United States with a formal request for production of documents pursuant to Federal Rule of Civil Procedure 34. On February 12, defendants filed the instant motion to compel production of the drafts of the affidavit against the FTC. Both the FTC and the United States filed an opposition to the motion. Defendants failed to reply to either opposition.

**ANALYSIS**

Though the motion to compel was filed against the FTC only, this order will address both the FTC's and the United States' arguments.

**1.    FEDERAL TRADE COMMISSION.**

The FTC argues that defendants' motion to compel should be denied because it does not possess and never has possessed the drafts of Postal Inspector Wong's affidavit (Decl. ¶ 3). Defendants failed to provide an explanation as to why the FTC would possess the drafts of Postal Inspector Wong's affidavit. Accordingly, defendants' motion to compel production of the drafts as to the FTC is **DENIED**.

**2. THE UNITED STATES.**

The United States argues that defendants' motion to compel should be denied because the drafts of Postal Inspector Wong's affidavit are protected by the attorney work-product doctrine. The attorney work-product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. FRCP 26(b)(3). Rule 26(b)(3) stated, in relevant part, as follows:

> (A) *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those material may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Here, the drafts of the affidavit were prepared in anticipation of litigation and thus, constitute work product. Defendants, however, have not demonstrated how the drafts of the affidavit are relevant under FRCP 26(b)(1) nor have they demonstrated a substantial need for them. In their motion to compel, defendants stated, in relevant part, as follows:

> To enable this Court to determine whether to issue a preliminary injunction in this matter, it will be necessary to make credibility determinations with respect to Inspector Wong, which require full disclosure from the government. The Draft Affidavits are also necessary for Inc21's defense of this action and the civil forfeiture action.

Defendants' first argument regarding credibility determinations of Postal Inspector Wong is moot because the preliminary injunction was granted on February 19, 2010. Furthermore, the United States asserts that it has no intention of calling Postal Inspector Wong as a witness (Br. 4). Defendants' second argument also fails. Defendants argue that the drafts are "necessary for Inc21's defense of this action and the civil forfeiture action" (Br. 2). This argument is entirely conclusory. Defendants have not explained why the drafts are necessary nor provided any legal authority to overcome the United States' assertion of work product. At this point, it appears that defendants would like the drafts of Postal Inspector Wong's affidavit just for the sake of having

3

them. Accordingly, defendants' motion to compel production of the drafts as to the United States is **DENIED**.

## CONCLUSION

For the foregoing reasons, defendants' motion to compel production of the drafts of Postal Inspector Wong's affidavit is **DENIED**. The hearing set for **THURSDAY, MARCH 25, 2010**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 16, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE