IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INC21.COM CORPORATION, *et al.*,<br><br>Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 10-00022 WHA<br><br>**ORDER AUTHORIZING PARTIAL RELEASE OF FUNDS FROM FROZEN ASSETS AND DENYING GREENBERG TRAURIG'S MOTION TO WITHDRAW** |

After reviewing all filings pertaining to defendants' requests for reasonable living and business expenses from assets frozen by the Court's preliminary injunction order, the undersigned hereby **ORDERS** the following:

1. For the duration of the asset freeze under the preliminary injunction, defendant John Lin shall be allowed to withdraw — for reasonable living expenses — a maximum of $8,000 per month on the first business day of each month, starting with the month of June 2010, from his bank account at Bank of America bearing the account number XXXX-X4889, until the funds are depleted. No more than $8,000 per month may be dispersed to defendant John Lin from this particular bank account.

2. For the duration of the asset freeze under the preliminary injunction, defendant Roy Lin shall be allowed to withdraw — for reasonable living expenses — a cumulative maximum of $8,000 per month on the first business day of each month, starting with the month of June 2010, from his bank accounts at Bank of America bearing account numbers XXXXX-08166 and XXXXX-63560, until the funds are depleted. For example, Roy Lin may withdraw $4,000 per month from the first account and $4,000 per month from the second account, since the total

amount withdrawn per month does not exceed $8,000. Under no circumstances may Roy Lin withdraw more than a combined total of $8,000 in any given month from these two particular bank accounts.

3. For the duration of the asset freeze under the preliminary injunction, defendant Inc21.com Corporation shall be allowed to withdraw — for reasonable business expenses — a maximum of $8,000 per month on the first business day of each month, starting with the month of June 2010, from its bank account at Far East National Bank bearing the account number XXXXX-01178, until the funds are depleted. No more than $8,000 per month may be dispersed to defendant Inc21.com Corporation from this particular bank account.

4. On the condition that Greenberg Traurig remain as counsel of record in the instant action, defendant Inc21.com Corporation shall be allowed a *one-time* withdrawal of $50,000 from its bank account at Far East National Bank bearing the account number XXXX-01178 for use by counsel in the FTC action. This withdrawal must be handled in the following manner: Upon presentation of this order and with the consent of Inc21.com Corporation, Far East National Bank shall issue a cashier's check in the amount of $30,000 payable to "Dichter Law LLC" and a separate cashier's check in the amount of $20,000 payable to "Greenberg Traurig LLP." Inc21.com may not allocate the payments in any other manner and may not elect to pay one counsel but not the other. If Inc21.com chooses to pay counsel from funds in this account, it must be done in the exact amounts and allocations as specified by this order.

Finally, since Greenberg Traurig is the only counsel of record for defendants in the related civil forfeiture action (CV 09-03119) and is serving as local counsel for *pro hac vice* Attorney Joel Dichter in the instant action, Greenberg Traurig's motion to withdraw as counsel in both the instant action and the related civil forfeiture action must be **DENIED**.

**IT IS SO ORDERED.**

Dated: May 25, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2